## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**BRIAN ENWONWU,**
            **Petitioner,**

                        **v.**

                                              **CIVIL ACTION NO.**
**COMMONWEALTH OF**                            **12-10703-DJC**
**MASSACHUSETTS SUPERIOR COURT,**
**FALL RIVER,**
            **Respondent.**

### MEMORANDUM AND ORDER

**CASPER, D. J.**                                          **May 16, 2012**

## I.    Introduction

On April 16, 2012, petitioner Brian Enwonwu ("Enwonwu"), a pretrial detainee in custody at the Bristol County House of Correction in North Dartmouth, Massachusetts, filed a self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Enwonwu has been criminally charged with home invasion and the state court judge set his bail at $25,000.00.  Enwonwu alleges that his bail is excessive in violation of the Eighth Amendment.  He claims that "all the other four characters are only on bail $1000-$5000."  Pet. at 2 ¶ 2.  Further, Enwonwu alleges that he is detained in jail even though he is only seventeen years old and already committed to the care of the Massachusetts Department of Youth Services ("DYS") in Taunton until April 2012.  In addition to these arguments, Enwonwu alleges that, at age 16, he was sexually abused.  He contends that his father filed a police report seeking to have an investigation made into this matter.  He further contends that the Taunton Police Department has conspired with his alleged sexual abusers to obstruct justice by failing to investigate his sexual abuse claims and by submitting false evidence

---

[1]This action was initially assigned to Magistrate Judge Boal but was reassigned on April 30, 2012 to the undersigned for further proceedings.

in connection with his criminal case.[2]  He maintains that he is innocent of the crime charged and was framed in order for his abusers to build a defense in his sexual abuse case.  Additionally, Enwonwu alleges that the police reports, grand jury proceedings, and exhibits show the motivation of the prosecutor and demonstrate that he cannot get a fair trial under these circumstances.

As a further ground for relief, Enwonwu claims that he is disabled, suffers from medical and mental health problems, and is being "tortured" every day.  He recounts that he was abused at home, was under the Department of Social Services care, and has been hospitalized for mental health issues all of his life.  He seeks immediate release from detention so that he may go back to school.  He also seeks to have his bail lowered and to have his state criminal case dismissed for violation of his civil rights.

Attached to the petition was a letter from Enwonwu's father, Frank Enwonwu ("Frank"), in support of his son.  Frank pleads for mercy, setting forth Enwonwu's troubled childhood, including, *inter alia*, Enwonwu's deportation to Nigeria (because of Frank's immigration status), his return to the United States six years later, his periods of homelessness, his medical and mental health problems resulting in institutionalizations, his absences from school, and his alleged sexual abuse.[3]  He claims that his son was taken advantage of by several friends, and that these individuals (*i.e.*, Mickey, Jillian Munroe and her mother, Rhonda Anderson) were a bad influence on him.  He also claims that he was unaware of his son's whereabout for months and then later discovered that his son was in the "illegal custody of Rhonda Anderson."  Letter (Docket No. 1-1 at 2).  Finally, the

---

[2]Enwonwu alleges that the police and the prison authorities have suppressed a victim statement.

[3]A copy of the Police Report of sexual abuse is attached to the petition as Docket No. 1-1 at 9.

letter concludes by asserting that the Taunton Police Department conspired with Rhonda Anderson and Jillian Munroe to frame his son.

## II.     Discussion

### A.      The Filing Fee

As an initial matter, Enwonwu has not paid the $5.00 filing fee for this petition nor sought a waiver thereof.  His failure to do so is grounds for dismissal since a party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."  Rule 3(a)(2) of the Rules Governing Section 2254 cases.[4]

Although a petitioner who has not paid the filing fee or submitted an application for waiver of the filing fee may be granted additional time to do so, because this action is dismissed *sua sponte* for the reasons stated below, this Court need not grant Enwonwu additional time to comply with the filing fee requirements noted above.

### B.      Review of the Habeas Petition

Although this petition was brought pursuant to Section 2241 and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas

---

[4]The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.

petitions.[5]  See Rule 1(b) of the Rules Governing Section 2254 proceedings; Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4; McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994); see Eady v. Director, Charleston County Detention Center, 2011 WL 3704225, *3 (D.S.C. 2011) citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (noting that federal district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return), cert. denied, 400 U.S. 906 (1970).

Here, Enwonwu's habeas petition must be dismissed *sua sponte* for the reasons set forth

---

[5]As an initial matter, courts have varied on whether to construe a habeas petition by a pretrial detainee as one filed pursuant to 28 U.S.C. § 2254 or one filed under 28 U.S.C. § 2241.  Enwonwu has filed the petition seeking to invoke § 2241 relief, and, for purposes of this Memorandum and Order, this Court will construe this matter as a petition pursuant to § 2241 because the distinction makes no substantive difference at this time.  See Smith v. Pa State Atty. Gen., 2011 WL 6012976 (M.D. Pa.. 2011) (discussing distinction between § 2254 and § 2241 petitions) Report and Recommendation adopted in Smith v. PA State Atty. Gen., 2011 WL 6012933 (M.D. Pa. 2011).

below.

### C.    **Failure to Name the Proper Respondent**

A pretrial detainee contesting the legality of his detention normally must name his immediate

custodian, "the individual having day to day control over the facility in which he is being detained"

as the respondent to the petition.  See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004); Vasquez v.

Reno, 233 F.3d 688, 694 (1st Cir. 2000) (a petitioner's legal custodian is the  individual having

day-to-day control over the facility in which petitioner is being detained), cert. denied, *sub nom*.

Vasquez v. Ashcroft, 122 S. Ct. 43 (2001).

Here Enwonwu has, erroneously, named the Commonwealth of Massachusetts Fall River

Superior Court as the respondent.  Thus, the petition may be dismissed on this ground.[6]

### D.    **Abstention Bars Review of State Bail Decisions**

Moreover, under the doctrine of abstention, this Court should abstain from exercising

jurisdiction to intervene in pending state criminal proceedings.  See In re Justices of Superior Court

Dept. of Mass. Trial Court, 218 F.3d 11, 16 (1st Cir. 2000) (noting that "[t]he federal courts have

long recognized the 'fundamental policy against federal interference with state criminal

---

[6]Further, the claims against the Fall River Superior Court are barred by the Eleventh
Amendment of the United States Constitution.  This amendment  generally is recognized as a bar
to suits in federal courts against a State, its departments and its agencies, unless the State has
consented to suit or Congress has overridden the state's immunity.  See Regents of the Univ. of Cal.
v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama
v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06
(1st Cir. 2007).  The Fall River Superior Court is part of the judicial branch of the state government
and therefore is an arm of the state, see Mass. Gen. L. c.  218, § 1 *et seq*.  Thus, the Superior Court
enjoys Eleventh Amendment immunity because the Commonwealth of Massachusetts has not
waived its immunity nor has Congress has overridden it with regards to the claims raised by
Enwonwu.  See Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims
against Massachusetts trial court on the ground of Eleventh Amendment immunity).

proceedings.'" (quoting <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971))).

Under <u>Younger</u>, abstention is required when:  (1) a state proceeding is pending; (2) the state proceeding involves important state interests; (3) the state proceeding affords an adequate opportunity to raise the federal constitutional issue(s); and (4) the plaintiff in the federal case has not demonstrated bad faith, harassment, or any other unusual circumstances that would call for equitable relief.  <u>S. Boston Allied War Veterans' Council v. Zobel</u>, 830 F. Supp. 643, 649 (D. Mass. 1993).

In this case, there is an ongoing state criminal case and that ongoing state case implicates a significant state interest.  <u>Younger</u>, 401 U.S. at 44–45 (state court criminal matters are of paramount state interest).[7]  Further, states have an important interest in protecting the authority of the state judicial system, so that its orders and judgments are not rendered nugatory.  <u>S. Boston Allied War Veterans' Council</u>, 830 F. Supp. at 649 (quotations and citations omitted).

Next, Enwonwu has not set forth any facts whatsoever to support a claim that the state proceeding does not afford him an adequate opportunity to raise his federal constitutional issues based on the Eighth and Fourteenth Amendments.  Indeed, this Court cannot reasonably infer from

---

[7]Courts have consistently applied the <u>Younger</u> doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or extraordinary circumstances.  <u>See, e.g.</u>, <u>Lazarus v. Baca</u>, 389 Fed. Appx. 700 (9th Cir. 2010) (unpublished decision affirming dismissal of pretrial detainee's habeas petition challenging her detention as a violation of the Excessive Bail Clause of the Eighth Amendment and due process, upon a finding that <u>Younger</u> abstention applied); <u>Brown v. Beicker</u>, 2011 WL 5865064 (D. Colo. 2011) (denial of motion to reconsider order dismissing habeas claims based on <u>Younger</u> abstention); <u>Mansanares v. Arizona</u>, 2011 WL 5924349 (D. Ariz. 2011); <u>Smith</u>, 2011 WL 6012976 at *1; <u>Bey v. Ohio</u>, 2011 WL 5024188, *3 (N.D. Ohio 2011) (same); <u>Butler v. Stack</u>, 2011 WL 4344171 (D.S.C. 2011); <u>Haskins v. Dauphin County Dist. Attorney's Office</u>, 2011 WL 662653, *2 (M.D. Pa. 2011) (noting application of <u>Younger</u> was warranted because "[i]t would be entirely inappropriate for us to wade into these state proceedings at this juncture.  To do so would not only violate principles of comity, but is also contrary to established law").

his bald allegations of conspiracy and obstruction of justice that state remedies are inadequate. There simply is no reason to believe that these defenses cannot be raised before the trial judge in the course of the state proceedings.[8]

Finally, Enwonwu has not demonstrated bad faith, harassment, or any other unusual circumstances that would call for equitable relief. Unsupported allegations of bad faith, harassment, or extraordinary circumstances are <u>not</u> sufficient to overcome the presumption of abstention. <u>Brown</u>, 2011 WL 5865064 at *1. Further, extraordinary circumstances are not present where appropriate relief is available in state courts. <u>Haskins</u>, 2011 WL 662653 at *2 citing <u>Evans v. Court of Common Pleas, Delaware County, PA</u>, 959 F.2d 1227, 1234 (3d Cir. 1992) <u>and</u> <u>Moore v. De Young</u>, 515 F.2d 437, 441 (3d Cir. 1975) (there are no extraordinary circumstances presented where the applicant will have an opportunity to raise this claim in state trial court and appellate proceedings). Similarly the allegation that Enwonwu is a minor being tried and held as an adult while he is in DYS custody is insufficient. Absent a showing that he has attempted to raise this issue in state court but has been denied a fair opportunity to do so, this Court cannot find that this situation raises extraordinary circumstances so as to undermine application of <u>Younger</u>.[9]

In light of all of the above, this Court must abstain from review of Enwonwu's habeas

---

[8]Enwonwu sets forth no cognizable equal protection claim based on the fact that bail set on Enwonwu's co-defendants was only $1,000.00-$5,000.00, particularly where there is no factual assertion that the other defendants are similarly situated. In any event, the same legal impediment is presented in connection with any equal protection claim, *i.e.*, that Enwonwu has not shown he cannot seek appropriate relief in state court.

[9]Additionally, Enwonwu's father's plea for mercy and compassion based on his son's troubled life, medical and mental health problems, and alleged sexual abuse is not sufficient to present the type of extraordinary circumstances that would circumvent application of <u>Younger</u>.

claims.  Accordingly, his petition for writ of habeas corpus will be <u>DENIED</u>.[10]

### E.      Claims are Barred For Failure to Exhaust State Remedies

As a corollary to the <u>Younger</u> doctrine, Enwonwu also has not stated a cognizable habeas claim upon which relief may be granted.  This is because he has failed to exhaust his state remedies. "Just as those seeking post-conviction habeas relief, however, those petitioners seeking a pre-conviction relief must exhaust their state court remedies prior to filing a federal habeas petition." <u>Smith</u>, 2011 WL 6012976 at *1 <u>citing</u> <u>Schandelmeier v. Cunningham</u>, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. 2254(b) and has developed through decisional law ... as to claims brought under 28 U.S.C. § 2241"); <u>Moore</u>, 515 F.2d at 442 ("although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned.")(other citations omitted).[11]

---

[10]In view of this Court's application of the <u>Younger</u> abstention doctrine, an in-depth analysis of the propriety of abstention under <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976) and its progeny is not necessary.  This discretionary authority to abstain from a federal proceeding where there is a parallel state court proceeding is a prudential matter; the goals are, *inter alia*, to avoid wasteful duplication of litigation and to avoid piecemeal litigation.  <u>See</u> <u>Rivera-Puig v. Garcia-Rosario</u>, 983 F.2d 311, 320-21 (1st Cir. 1992) (outlining factors to be considered by the court in deciding whether to abstain).

[11]In the § 2254 context, the United States Court of Appeals has expounded on the exhaustion requirement in the courts of the Commonwealth of Massachusetts, stating, in relevant part, that:

> The exhaustion doctrine honors hallowed principles of federal-state comity.  It serves to ensure that the state courts are sufficiently apprised of a federal claim to have a meaningful opportunity to address that claim."  <u>Rashad v. Walsh</u>, 300 F.3d 27, 41 (1st Cir. 2002)....  In order to exhaust a federal claim, a petitioner must present that claim "fairly and recognizably" to the state courts.  <u>Adelson</u>, [v. DiPaola,] 131 F.3d [259] at 262 [1st Cir. 1997].  In other words, he must have tendered the claim "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question."  <u>Scarpa</u>, [v. Dubois,] 38 F.3d [1,] at 6 [1st Cir. 1994].

F.      **The Court Lacks Mandamus Jurisdiction to Grant Relief**

As a final matter, in addition to habeas relief (immediate release from detention), Enwonwu seeks to have his state criminal proceedings dismissed because of the alleged conspiracy, obstruction of justice, his DYS custody, and his medical and mental health problems.  To the extent that Enwonwu is seeking, in effect, a writ of mandamus from this Court compelling the state judge to dismiss his criminal case this Court lacks jurisdiction to do so either under 28 U.S.C. § 136–which governs the original jurisdiction of the district court of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff, see Butler, 2011 WL 4344171 at *3; see also United States v. Oncology Assocs., 198 F.3d 502, 510 (4th Cir. 1999); Burnett v. Superior Court of Marin County, 573 F. Supp. 345 (N.D. Cal. 1983) (district court lacks jurisdiction to compel state court to perform its alleged duty)–or under 28 U.S.C. § 1651– which provides authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651; see In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (petition for writ of mandamus filed under § 1651 denied; federal court cannot control or interfere with state court litigation by way of mandamus); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587–88 (4th Cir. 1969); see also Butler, 2011 WL 4344171 at *3; Offutt v. Kaplan, 884 F. Supp. 1179, 1183, 1187-88 (N.D. Ill. 1995) (federal action brought under § 1651 and § 1983 against presiding judge in state custody proceedings dismissed on ground that a federal district court has no jurisdiction to review state judicial proceedings; citing, *inter alia*, District of Columbia Court of Appeals v. Feldman, 460

---

Janosky v. St. Amand, 594 F.3d 39 (1st Cir. 2010) (brackets added).  The same rationale for the exhaustion requirement equally is applicable to § 2241 habeas petitions such as the one presented here.

U.S. 462, 476 (1983)).[12]

Accordingly, for the reasons set forth above, Enwonwu's request for dismissal of his state

criminal action is <u>DENIED</u>.

## III.     Conclusion

Based on the foregoing, it is hereby Ordered that:

1.     Petitioner's petition for writ of habeas corpus is <u>DENIED</u>;

2.     Petitioner's request for relief in the form of dismissal of his state criminal proceedings is
<u>DENIED</u>; and

3.     This action is <u>DISMISSED</u> in its entirety.


SO ORDERED.

                                        /s/ Denise J. Casper
                                        Denise J. Casper
                                        U.S. District Judge

---

[12]Moreover, to the extent Enwonwu seeks to remove his criminal case from state court to this
federal court, he cannot do so under the federal removal statutes.  <u>See</u> 28 U.S.C. § 1441 *et seq.*; <u>State
v. Haws</u>, 131 F.3d 1205, 1209-1210 (7th Cir. 1997) (state prosecution for theft and corrupt business
practices could not be removed to federal court under 28 U.S.C. § 1443 where defendant made no
allegation concerning race or any showing that the state court was unable or unwilling to enforce
his federal civil rights).  The First Circuit has, in dicta, stated that there is no statutory right to
remove a state criminal prosecution. <u>Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor
Relations Bd.</u>, 454 F.2d 38, 43 (1st Cir. 1972) (noting that "[t]he federal courts are courts of limited
jurisdiction and the removal statute applies only to civil actions in state courts"); <u>see</u> Memorandum
and Order (Docket No. 3) in <u>United States v. Azubuko</u>, Criminal No. 09-10136-RGS (discussing
removal statutes and rejecting criminal defendant's attempt to remove state criminal case, and
remanding).  Here, there simply is no basis alleged for removal of the state action to this Court.